# IN THE SUPREME COURT OF THE STATE OF NEVADA

ALEX SORIA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75353

**FILED**

FEB 2 0 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order denying Alex Soria's postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Tierra Danielle Jones, Judge.

Soria was convicted of engaging in a pattern of mortgage lending fraud, a category B felony in violation of NRS 205.372(2). The judgment of conviction was entered on March 17, 2015. Although Soria filed a timely notice of appeal, he later withdrew it voluntarily. *Soria v. State*, Docket No. 67839 (Order Dismissing Appeal, September 9, 2015). The order dismissing that appeal, which was sent to Soria and his appellate counsel, cautioned him that no remittitur would issue, *see* NRAP 42(b), and therefore the one-year period for filing a postconviction habeas petition, *see* NRS 34.726(1), would start to run from the date of the order dismissing the appeal—September 9, 2015.

More than two years later, on October 16, 2017, Soria filed the habeas petition at issue here in the district court. Although Soria

---

[1]This appeal has been submitted for decision on the record without briefing or oral argument. NRAP 34(f)(3), (g); *see also* NRAP 31(d)(1); *Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

19-07843

referenced NRS 34.360 in the document's caption, the document clearly "[r]equest[ed] relief from a judgment of conviction or sentence in a criminal case," NRS. 34.720(1), such that it was subject to the provisions of NRS 34.720 to 34.830, including the one-year time bar set forth in NRS 34.726(1). Because the petition was filed more than one year after this court's order dismissing Soria's appeal from the judgment of conviction, it was untimely. NRS 34.726(1). Soria therefore had to demonstrate good cause for the delay by showing both that the delay was not his fault and that dismissing the petition as untimely would unduly prejudice him. *Id.* He did neither. He offered no explanation for the delay and no basis for a finding of undue prejudice. Accordingly, the district court did not err in denying the petition as procedurally barred under NRS 34.726(1) to the extent that it challenged the validity of Soria's judgment of conviction or sentence.

Soria's petition also complained about the computation of his sentence, asserting that his statutory credits had not been deducted from the minimum term of his sentence in violation of NRS 209.4465(7)(b). *See Williams v. Nev., Dep't of Corr.*, 133 Nev., Adv. Op. 75, 402 P.3d 1260, 1262 (2017) (stating that claim that credits are not being applied to an inmate's eligibility for parole is a challenge to the computation of time served). The district court did not address the merits of that claim because it was not properly raised. We agree. Soria challenged both the validity of his judgment of conviction or sentence and the computation of time that he had served pursuant to that judgment in a single petition. That is not allowed. NRS 34.738(3) ("A petition must not challenge both the validity of a judgment of conviction or sentence and the computation of time that the petitioner has served pursuant to that judgment."). Where, as here, a petition improperly asserts both types of challenges in a single petition, "the

district court for the appropriate county shall resolve that portion of the petition that challenges the validity of the judgment of conviction or sentence and dismiss the remainder of the petition without prejudice." *Id.* The district court did just that. We therefore perceive no error in the district court's order dismissing Soria's computation-of-time challenge without prejudice.

Having reviewed the record and found no error in the district court's order that would warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc:     Hon. Tierra Danielle Jones, District Judge
        Alex Soria
        Attorney General/Las Vegas
        Eighth District Court Clerk